IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL WALLER,**                                  CASE NO. 4:21 CV 540

    Petitioner,

    v.                                                JUDGE JAMES R. KNEPP II

**BOBBY,**

                                               **MEMORANDUM OPINION**
    Respondent.                               **AND ORDER**

### INTRODUCTION

*Pro se* Petitioner Michael Waller ("Petitioner") is a federal inmate currently incarcerated at USP Marion. He has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 1). For the reasons that follow, this action is dismissed.

### BACKGROUND

Petitioner was convicted in 2011 in the United States District Court for the Western District of Pennsylvania. *See* Doc. 1, at 1. The Petition states Petitioner is "being held as [a] United States citizen . . . which is in violation of [his] DeJure Naturalization . . . and [his] state national rights", and asserts "the primary function of this writ is . . . release from unlawful imprisonment." *Id.* at 1-2.

The Petition further alleges Petitioner voluntarily "expatriate[d] out of the federal state . . . and proclaimed [his] DeJure Naturalization for the State of Pennsylvania . . ." and Petitioner "is domicile[d] in the republic common law of Pennsylvania [and] is an alien to the political system of the federal state". *Id.* at 6. Petitioner claims he is a "state national" who "owe[s] permanent allegiance to the State of Pennsylvania." *Id.* Petitioner requests "relief from unlawful restraint of libert[y]". *Id.* at 7.

Petitioner indicates that he has not appealed his conviction or sentence that he presently challenges. *See id.* at 2-3.

## STANDARD OF REVIEW

Federal district courts must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). And the Court must summarily dismiss a petition if "it plainly appears . . . the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that district courts have a duty to "screen out" petitions lacking facial merit under Section 2243).

A *pro se* petitioner's habeas petition is liberally construed. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

## DISCUSSION

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)).

Habeas corpus is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United*

*States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241, however, is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Nor is it generally available to challenge the validity of the sentence itself. *Capaldi*, 135 F.3d at 1123 (citing *Jalili*, 925 F.2d at 893). Rather, a federal prisoner seeking to challenge his sentence generally must do so by filing a motion to vacate, set aside, or correct his sentence in the sentencing court under 28 U.S.C. § 2255. *See Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The best judge to fix a sentence is a judge intimately familiar with the defendant, the case, and the local practices. Not a judge who has never touched the case before.").

Here, although the Petition is largely incomprehensible, Petitioner contends he is challenging "unlawful imprisonment" and "restraint of liberty." There is no indication from the Petition that Petitioner seeks to challenge the manner in which his sentence is being executed. To the extent Petitioner seeks release from his sentence, Petitioner must file a motion to vacate, set aside, or correct his sentence in the sentencing court under 28 U.S.C. § 2255. *See Wright*, 939 F.3d at 698; *see also Capaldi*, 135 F.3d at 1123 (stating Section 2255 provides a federal prisoner may challenge his sentence in the court which imposed the sentence on grounds that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]") (quoting 28 U.S.C. § 2255).

And even if Petitioner's claim was properly raised in a § 2241 petition, the face of the Petition indicates Petitioner has not appealed his conviction or sentence. Petitioner's claim is therefore not properly exhausted and must be dismissed on that basis. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 233 (6th Cir. 2006) ("[I]t is well-settled that a federal prisoner must exhaust all available administrative remedies before filing a federal habeas petition[.]").

Moreover, Petitioner's claim is wholly frivolous. Petitioner appears to claim he cannot be "held as a United States citizen" because he is a citizen of the State of Pennsylvania. This contention is largely analogous to what courts across the country have called "sovereign citizen" claims, or claims and defenses filed by individuals who believe they are not United States citizens and therefore not subject to federal government authority. *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Defendants attempt to use such arguments to "avoid paying taxes, extinguish debts, and derail criminal proceedings." *Id.*; *see also, e.g.*, *United States v. Alexio*, 2015 WL 4069160, at *2-4 (D. Haw.); *Williams v. Skelly*, 2018 WL 2337310, at *3 (W.D. Ky.). Federal courts for decades have rejected such claims, recognizing them "as frivolous and a waste of court resources." *Adkins v. Kentucky*, 2018 WL 6528462, at *1 (W.D. Ky.) (quoting *Muhammad v. Smith*, 2014 WL 3670609, at *2 (N.D.N.Y)); *see also United States v. Amir*, 644 F. App'x 398, 399 (6th Cir. 2016) (rejecting defendant's attempt to argue that he was not a citizen of the United States, but a citizen of the "Republic of Ohio," to whom federal courts' jurisdiction did not apply); *see also United States v. Ward*, 1999 WL 369812, at *2 (9th Cir.) (holding claims based on "sovereign citizen" theories may be dismissed without "extended argument" as patently frivolous). Therefore, the Petition must also be dismissed as frivolous.

## CONCLUSION

For the foregoing reasons, good cause appearing it is

ORDERED THAT the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 2243; and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

       s/ *James R. Knepp II*
       UNITED STATES DISTRICT JUDGE